# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HARP'S FOOD STORES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-04-519-SPS |
| | ) |
| THE RESOURCES GROUP SERVICES | ) |
| LLC, and J. KENT ROUNTREE, | ) |
| | ) |
| Defendants, | ) |
| and | ) |
| | ) |
| TULSA TEACHERS CREDIT UNION, | ) |
| | ) |
| Garnishee, | ) |
| and | ) |
| | ) |
| ELLEN S. ROUNTREE, | ) |
| | ) |
| Intervenor. | ) |

## OPINION AND ORDER GRANTING
## INTERVENOR'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff, Harp's Food Stores, Inc., obtained judgment against the Defendants, The Resources Group Services LLC and J. Kent Rountree, in an action on an open account. The Plaintiff garnished a share account held jointly by Rountree and his ex-wife, Ellen S. Rountree, at Tulsa Teachers Credit Union ("TTCU"). Ms. Rountree intervened and objected to the garnishment, asserting that she was the sole owner of the funds in the account. Ms. Rountree now seeks summary judgment on the garnishment proceedings against TTCU through her Motion for Summary Judgment of Ellen S. Rountree [Docket No. 67] pursuant to Fed. R. Civ. P. 56.

Summary judgment is appropriate if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party[,]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), with the evidence taken in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The burden is initially upon the movant to show the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party satisfies this burden, the burden thereafter shifts to the Plaintiff, who as the nonmoving party, must go beyond the pleadings and "must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which he carries the burden of proof." *Applied Genetics v. First Affiliated Securities*, 912 F.2d 1238, 1241 (10th Cir. 1990).

The brief filed by Ms. Rountree in support of her motion for summary judgment contains a statement of material facts about which she contends there is no dispute. *See* EDOK LCvR 56.1 (b) ("The brief in support of a motion for summary judgment (or partial summary judgment) shall begin with a section that contains a concise statement of material facts to which the moving party contends no genuine issue of fact exists."). The Plaintiff filed no response to the motion, so for purposes of summary judgment the undisputed facts are those set forth by Ms. Rountree. *See* EDOK LCvR 56.1(c) ("All material facts set forth in the statement of the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of

the adverse party."). *See generally* Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."). Pertinent among those facts are: (i) that at the time of their divorce, Mr. Rountree and Ms. Rountree jointly owned TTCU share account number 80706 containing $3,900.00, which amount was awarded to Ms. Rountree as her separate property; (iii) that Ms. Rountree was also awarded judgment against Mr. Rountree in the amount of $40,000.00, to be paid upon refinancing of the Rountrees' home; (iv) that Ms. Rountree deposited the $40,000.00 into the TTCU account when Mr. Rountree paid her; and, (v) that there was $42, 430.82 remaining in the TTCU account at the time of garnishment, *i. e.*, that no monies other than those awarded to Ms. Rountree in the divorce had been deposited in the account. Significantly, Mr. Rountree agrees with Ms. Rountree that he has no ownership interest in the money in the TTCU account. *See* Response to Motion to Intervene, [Docket No. 58, styled "Answer"] ("[T]he money garnished from her checking account was in fact her money and J. Kent Rountree had no interest in any money in her account.").

In Oklahoma, each tenant is presumed to own the entire amount of a joint bank account. *See Baker v. Baker*, 1985 OK CIV APP 35, ¶ 25, 710 P.2d 129, 134 ("Oklahoma

courts hold that each tenant is presumed to own the entire amount of the account[.]"). This presumption is nevertheless rebuttable. *Id.* at ¶ 27, 710 P.2d at 135. In *Baker*, the Oklahoma Court of Civil Appeals observed generally that "[t]raditional joint bank accounts have created problems in the courts because the relationships between the depositors and the bank do not fit into common law categories[,]" *id.* at ¶ 11, 710 P.2d at 133, and noted specifically that "[t]he law in Oklahoma setting out the rights of a judgment debtor who holds a bank account as a joint tenant with another is not clear." *Id.* at ¶ 13, 710 P.2d at 133. After surveying differing approaches to the problem from other jurisdictions and analyzing them in light of applicable Oklahoma law, the *Baker* court concluded as follows:

> In keeping with the spirit of current Oklahoma law and the law set out in a majority of our sister jurisdictions, we find that a rebuttable presumption exists that the debtor who holds an interest in a joint account is entitled to use the entire account. Once it is presumed that the debtor, as a joint tenant, is entitled to the entire joint account, the burden is placed on the debtor or intervenor to prove otherwise. Such a result is the most equitable in light of the fact that the joint tenants are in effect contradicting the terms of their joint account agreement. Although joint owners may assume the risk that their cotenants will pay creditors voluntarily when they establish a joint bank account, these same joint owners may later seek to establish factual ownership different from the declared purpose of the account. In seeking to prove that the ownership of the account is other than "equal shares," the burden should be placed on the joint owners and not the creditor.

*Id.* at ¶ 26, 710 P.2d at 134.").

Thus, for purposes of summary judgment, the Court begins with the presumption that Mr. Rountree had an ownership interest in the entire balance in the TTCU account at the time

-4-

of garnishment.[1] But the undisputed evidence presented by Ms. Rountree effectively rebuts the presumption of ownership by Mr. Rountree, *i. e.*, it establishes that all of the funds in the TTCU account were determined to be the sole property of Ms. Rountree in the divorce. There is nothing to indicate, for example, that Ms. Rountree intended to make a gift back to Mr. Rountree of the money she was awarded as separate property in the divorce.[2] Nor is there any other evidence (from the Plaintiff or otherwise) which suggests a factual dispute as to the ownership of the money in the TTCU account. Consequently, Ms. Rountree is entitled to judgment as a matter of law that the Plaintiff may not have garnishment against

---

[1] Ms. Rountree argues that the divorce decree terminated the joint nature of the account itself. Inasmuch as the decree does not so state, the Court finds this argument unpersuasive. *See Frantz v. Frantz,* 2000 OK CIV APP 144, ¶ 14, 16 P.3d 482, 485 ("We believe the better rule is that of the majority of jurisdictions deciding the issue, that is, in the absence of a decree provision contemplating severance of joint tenancy, its character remains unchanged."). *See also Wilson v. Hartman,* 1976 OK 10, ¶¶ 14-15, 545 P.2d 742, 745 ("Absent a provision in the decree, whether divorce in and of itself effects the character of property held in joint tenancy by husband and wife, has not been decided in Oklahoma. Jurisdictions generally hold that it remains in joint tenancy or rests in the spouses equally as tenants in common . . . Since the divorce decree itself in no way divided the property and we find no contract of property settlement existed, it was improper for the trial court to vest sole ownership in defendant. Whether the estate changed from one of joint tenancy to that of tenancy in common is not material and we do not decide it at this time.") [internal citations omitted]. Nevertheless, it is unnecessary to address issue since, as is discussed below, the Court finds that *the money held in the account* was Ms. Rountree's separate property.

[2] An intention to make a gift might arguably be inferred from the fact that Ms. Rountree put the money in an account that she continued to hold jointly with Mr. Rountree notwithstanding the divorce. But such an inference would be reasonable only if Ms. Rountree was aware she continued to hold the account jointly with Mr. Rountree, and the undisputed evidence is to the contrary. *See* Memorandum in Support Motion for Summary Judgment [Docket No. 68], p. 2, ¶ 5 ("At the time of the Decree the balance in the Credit Union account was $3900.00 and both Ellen and Kent considered the Credit Union Account to be awarded to Ellen."). In any event, the Plaintiff does not argue for such an inference.

TTCU because TTCU is not liable to Mr. Rountree on account number 80706.

Accordingly, IT IS ORDERED that the Motion for Summary Judgment by Ellen S. Rountree [Docket No. 67] is hereby GRANTED.

**IT IS SO ORDERED** this 21st day of July, 2006.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**